UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 10, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-1687

| | |
|---|---|
| MAKOR ISSUES & RIGHTS, LTD., *et al.*,<br>     *Plaintiffs-Appellants*,<br><br>    *v.*<br><br>TELLABS, INC., *et al.*,<br>    *Defendants-Appellees*. | Appeal from the United States<br>    District Court for the<br>    Northern District of Illinois,<br>    Eastern Division.<br><br>No. 02 C 04356<br><br>**Amy J. St. Eve**, *Judge*. |

## ORDER ON PETITION FOR REHEARING

Defendants-Appellees filed a petition for rehearing *en banc* on February 8, 2006. No judge in active service has requested a vote on the petition for rehearing *en banc*.

All members of the original panel have voted to DENY rehearing except to the extent that the opinion is MODIFIED as follows: the first full paragraph on page 28 of the slip of the opinion is deleted and replaced with the following:

The plaintiffs also pleaded a claim against Birck for insider trading. A private cause of action exists under § 20A of the Securities Exchange Act

against persons who purchase or sell a security "while in possession of material, nonpublic information." See 15 U.S.C. § 78t-1(a). To create potential liability under § 20A, the plaintiffs must prove an independent violation of "this chapter or the rules or regulations thereunder." *Id.* In other words, § 20A claims are "derivative, requiring proof of a separate underlying violation of the Exchange Act." *Advanta Corp.,* 180 F.3d at 541. At this point in the litigation, we have affirmed the dismissal of the underlying securities fraud claims pleaded directly against Birck. He still faces liability, but solely as a control person under § 20(a). Whether § 20(a) control-person liability standing alone can serve as the "separate underlying violation" required for § 20A insider trading is an open question of law and raises an important issue of statutory interpretation that should not be decided in a vacuum. No party in this litigation has provided more than cursory briefing of this issue, and therefore we take no position on its resolution, leaving it for further factual and legal development during the course of the litigation.